**FILED**

**FEBRUARY 28, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 14, a labor organization, | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| v. | ) ) | **08 C 1213** |
| H & P CONTRACTOR, INC., | ) ) | Judge |
| Defendant. | ) ) | **JUDGE ASPEN** **MAGISTRATE JUDGE DENLOW** |

### COMPLAINT TO ENFORCE ARBITRATION AWARD

Plaintiff, PAINTERS' DISTRICT COUNCIL NO. 14, a labor organization, by its attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, and ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendant, **H & P CONTRACTOR, INC., ,** as follows:

### COUNT I

### (Enforcement of Arbitration Award)

#### Jurisdiction and Venue

1.      Jurisdiction of this action is founded upon Section 301 of the National Labor Relations Act as amended by 29 U.S.C. Section 185©) and which presents a federal question pursuant to 28 U.S.C. Section 1331

2.      Venue is founded in this district pursuant to 29 U.S.C. Section 185(a) and because it is the district in which the Defendant resides.

#### The Parties

3.      Plaintiff, PAINTERS' DISTRICT COUNCIL NO. 14, ("PDC 14" or the "Union"),

a labor organization, has standing to bring this action pursuant to 29 U.S.C. Section 185(a).

4.    Defendant **H&P   CONTRACTOR, INC., ,**is an employer engaged in an industry affecting commerce, which on or about, date, executed a Memorandum of Joint Working Agreement with the Painters' District Council No. 14 and has agreed to be bound by the provisions of the Area Wide Collective Bargaining Agreement, ("CBA.") and any subsequent agreements negotiated between the Union and the GDCNI.

## The Agreements

5.    Pursuant to the terms of the CBA., all disputes or grievances arising out of working conditions and operations shall be submitted to a Joint Trade Board (the "Board"), consisting of employer and PDC No. 14. representatives, convened pursuant to notice, to be resolved at a hearing of the Board.

## The Claim

6    On April 20, 2007, pursuant to notice,  PDC 14 brought charges against  **H&P**  The charges were mailed to **H&P**  via fax, first class and certified mail.

7.    On July 14, the Joint Trade Board convened for hearing of the dispute.  **H&P**  did not object to notice of the hearing or notice of the charges brought by the PDC 14.  The Board decided the dispute in favor of the Union and against **H&P**.  See copy of Decision and Award, attached hereto as Exhibit 1.  The Board fined **H&P** in the amount of **$30,000.00** for the violations of Articles of the Collective Bargaining Agreement, and ordered **H&P** to pay **$1,238.40** in back wages for two employees.

8.    On **July 13, 2007**, the Notice of Decision and award was served upon **H&P** via fax, first class and certified mail.  See copy of Certificate of Service, attached as Exhibit 2.

9.    **H&P**  has not complied with the provisions of the Board's award.

10.    The Board's decision is final and binding upon the parties, as provided by Article XVII,  Section 3 of the CBA.  **H&P**  has not taken any action to set aside the Board's award and the time to take such action has passed.

WHEREFORE, Plaintiff, PAINTERS' DISTRICT COUNCIL NO. 14, prays that this Court enter relief as follows:

A.    Enforce the Board's award by entering judgment in favor of the Plaintiff and against the Defendant **H & P CONTRACTOR, INC.,**   in the amount of **$31,238.40,** plus costs and interest;

B.    Award Plaintiff such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted,
PAINTERS' DISTRICT COUNCIL
NO. 14,

By:    _S/James R. Anderson_____
One of its  Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

EXHIBIT **1**

GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS/CAWCC
PAINTERS' DISTRICT COUNCIL NO. 14
JOINT TRADE BOARD

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| H&P Contractor, Inc. | ) | 07 C 2 |
| | ) | |
| and | ) | |
| | ) | |
| Painters' District Council No. 14. | ) | |

## DECISION AND AWARD

On April 11, 2007, the Painters' District Council No. 14 (the "Union") sent notice

of hearing to the employer, H&P Contractor, Inc., via telefax, first class mail, and

certified mail, return receipt requested.  The hearing in this case was held before Joint

Trade Board representatives:

| **Union** | **Employer** |
|---|---|
| | Joseph Feldner |
| Bill Chrusiel | Charles Pintozzi |
| Andrew Perch | Jim Restivo |

at the offices of the Chicago Painters and Decorators Joint Apprenticeship Training

Facility on Friday April 20, 2007 at 3:00 p.m.

Mr. Dan Goodwin, Business Representative, appeared on behalf of the Union.  Mr.

Humberto Pinto, accompanied by one of his superintendents, appeared on behalf of the

employer.  Hugo Manzo served as the translator for both parties in the hearing of this

matter.

## THE CLAIM

Mr. Goodwin alleged violations of Articles III, Section 5(b), IV, Section 2, V, Sections 1 and 2 and XII, Section 3 of the Agreement. He testified that in fall, 2006 he received a complaint from a member, Francisco Novoa. As Mr. Novoa did not speak English, he asked his wife to explain the nature of the complaint to Mr. Goodwin. Mr. Novoa told him that he had not been paid properly by H&P Contractor, Inc. for all of the hours that he had worked.

Mr. Novoa appeared at the hearing and testified that in 2006 he had worked for H&P Contractor, Inc. as a taper on three Saturdays: October 21, 2006, October 28, 2006, and November 4, 2006. He stated that he had worked at three different job sites but that Mr. Pinto refused to pay him for those hours worked on Saturdays. Mr. Goodwin testified that he computed the amount of the uinderpayment to be $412.80 (8x51.60, time and one half rate) for a total of $1,238.40.

Mr. Novoa also testified that he had not been paid for all hours worked in November and December, 2006. He testified that for the weeks ending December 2, 2006 , and December 9, 2006 he worked 40 hours each week, but was only paid for 34 hours each week, and underpaid 6 hours, or $206.40 per week.

He also testified that for the week ending December 16, 2006, he had worked 40 hours but was only paid for 32, with a shortage of 8 hours or $275.20. He claimed that

2

the employer owed him for an additional 8 hours of pay for the week ending December 30, 2006.  The Union computed the total amount of alleged underpayments to be $2,132.80.

Humberto Pinto of the employer appeared at the hearing.  He denied that there were any underpayments to Mr. Novoa.  Mr. Pinto explained that he was out of the country during the period of time that Mr. Novoa complained about, and that he is the only one who authorizes work outside the normal work day.  He stated that no one from the company had authorized  Mr.  Novoa to work any hours outside the normal work day.  He denied paying him improperly.

Mr. Arturo Haro, another H&P employee appeared at the hearing. He also complained that H&P had not paid him for all hours worked. He testified that he had worked for H&P for a number of years as a drywall taper including jobs at a store in Woodfield, in Schaumburg, Illinois,   Mr. Haro first complained that he was not paid wages for twelve hours at a school in Cicero for work performed during August, 2006. The Union claimed that the company owed him for 12 hours of pay, or $412.80.

Mr. Haro also testified that he had worked on several Saturdays for H&P but that he was not paid for the Saturday work. He stated that he worked 8 hours on Saturday October 7, 2006, at a Dunkin' Donuts in Aurora, Illinois; 8 hours on apiece on Saturdays October 14, 21, 28 at McDonald's, for a total of eight hours per day of $412.80 per day.

Mr. Haro complained of underpayment of wages, this time for the work month of

December, 2006 at University Village, located near 14th and Halsted in Chicago, Illinois.
He contended that he had worked 160 hours during that month but that he was only paid
for 132, leaving a shortage of 28 hours, or $963.20.  He also complained that he had
worked for H&P at the Bath and Body Works in Aurora, at the Promenade during
February and March, 2007.   He complained that he had not been paid for all of the hours
worked and that he was not paid at the rate of time and one half for the work on Saturday,
March 3.  For the week in February, 2007 he worked 32 hours but was only paid for 16,
leaving a shortage of $550.40 (16x34.40). He also alleged that he was not paid for
Saturday March 3.  Subsequent questioning revealed that he had been paid for the day but
not at the time and one half rate.  Therefore, $68.80 was claimed to be owed for
additional wages.  He claimed that he had worked alongside employee Saul Ibarra, and
that Ibarra would have been owed the same amounts. Mr. Ibarra was not present at the
hearing.  The total amount of underpayments for himself and Saul Ibarra at Bed, Bath and
Beyond was computed to be $756.80.

Mr. Arturo Haro testified that he also worked at two of the locations with
employee Saul Ibarra.  Mr. Manzo, translating, confirmed that he had observed Mr. Haro
and Mr. Ibarra working at the Bath and Body work in the Promenade in Bolingbrook in
February and March, 2007.  Mr. Haro produced his pay stubs for himself and for Mr.
Ibarra.

Mr. Pinto and his superintendent questioned the employees and asked Mr. Haro

4

why he would wait so long to complain about wages if he had not been paid properly.
He repeated his contention that the company pays its employees properly.  He denied that
the company ever had any jobs at a Dunkin Donuts in Aurora.  Mr. Pinto admitted that the
company had been working at the Bath and Body Works in Aurora at the Promenade.
and acknowledged that there had been an underpayment of the time and one half wages at
the Bath and Body Works at the Promenade.

Upon completion of the employees' testimony, Mr. Goodwin stated that it is his
practice, after learning of alleged underpayments by employers to determine if the
contractor has complied with the various reporting requirements of the Agreement.  He
said that the company's failure to report the jobs at the Promenade, University Village,
the store in Woodfield, the school in Cicero, and the two McDonald's locations would all
be violations of the duty to report work to the Union, in writing,  before work
commenced.   He stated that the Union's records disclosed that H&P had not reported the
names either Mr. Novoa, Ibarra, or Haro  via hiring cards to the Union, that it had not
reported eight  jobs in writing, and that it had not obtained a permit for the Saturday work
at the Promenade in Bolingbrook, Illinois.

Mr. Pinto stated that had reported the work at University Village and the
Promenade but after work had begun.  He denied working at the Dunkin Donuts at
Aurora.  He admitted that the company had performed work at the MacDonald's on 18th
Street, on Milwaukee Avenue, the school at 87th and Cicero, University Village, and the

store in Woodfield. He was not able to produce any records to show that the company had reported those jobs, in writing, to the Union.

## ISSUES PRESENTED

Upon the close of the presentation of the evidence, the parties and the complaining witnesses were excused from the room. The Board deliberated regarding the following issues:

1)      Whether the employer violated Article III, Section 5 (b) of the Agreement by failing to provide hiring cards/employee list within seventy two hours of hire for employees Francisco Novoa, Arturo Haro, and Saul Ibarra;

2)      Whether the employer violated Article IV, Section 2 of the Agreement by failing to report work to the Union on Saturday, March, 3 to the Union without and working without a permit;

3)      Whether the employer violated Article V, Section 1 of the Agreement by failing to properly pay employees Haro, Ibarra, and Novoa at the correct rate of pay for work performed within the normal work day;

4)      Whether the employer violated Article V, Section 2 of the Agreement by failing to properly pay employees Haro, Ibarra, and Novoa at the rate of time and one half for all work performed  outside the normal work day; and

5)      Whether the employer violated Article XII, Section 3 by failing to report the jobs to the Union, in writing, before beginning work on them.

6

## FINDINGS AND CONCLUSIONS

Following considerable discussion, the Board by appropriate motion duly made, seconded, and passed unanimously and based upon the evidence presented to it at the hearing in this matter, the Bond finds and concludes in this matter.

1.    H&P Contractor, Inc. is a signatory to the collective bargaining agreement with the Union.

2.    H&P  has not taken any action to terminate the collective bargaining agreement (the "Agreement") and accordingly, is bound to the terms and conditions as set forth in the current collective bargaining agreement with the Gypsum Drywall Contractors of Northern Illinois (GDCNI), dated April 28, 2003.

3.    Article XVII, Section 1 of this Agreement gives the Board jurisdiction over the parties' current dispute.

4.    This case is properly before the Board for disposition.

NO HIRING CARDS/EMPLOYEE LIST

5.    Article III, Section 5(b) requires employers to produce to the Union an employee list or hiring cards within seventy-two hours after hire.

6.    H&P did not turn in hiring cards for employees Arturo Haro, Saul Ibarra, and Francisco Novoa.

7.    The failure to turn in the hiring cards is, in each instance, a violation of Article XII, Section 5(b) of the Agreement.

## NO PERMIT FOR SATURDAY WORK

8.    Article IV, Section 2 of the Agreement requires employers to obtain a permit from the Union for Saturday work.

9.    H&P worked on Saturday March 3, 2007 at the Promendate in Bolingbrook without having first obtained a permit.

10.    H&P's work without a permit is a violation of Article IV, Section 2 of the Agreement.

## IMPROPER PAYMENT OF WAGES

11.    Article V, Section 1 requires that employers pay their employees at the wage rates set forth in the Agreement for hours of work within the normal work day, Monday through Friday, 8:00 a.m. through 4:30 p.m.

12.    H&P did not properly pay Arturo Haro for the amount of $550.40.

13.    H&P did not properly pay Saul Ibarra for the amount of $550.40.

14.    The Board finds that the evidence did not support Francisco Novoa's claimed underpayments, and finds no underpayment by H&P to Novoa.

15.    Article V, Section 2 requires that employers pay their employees at the wage rates at time and one half as set forth in the Agreement for hours of work outside the normal work day, Monday through Friday, 8:00 a.m. through 4:30 p.m.

16.    H&P did not pay Arturo Haro for the amount of $68.80, the time and one half rate differential for Saturday, March 3, 2007.

17.    H&P did not pay Saul Ibarra for the amount of $68.80, the time and one half rate differential for Saturday, March 3, 2007.

NO PERMIT FOR SATURDAY WORK

18.    Article IV, Section 2 requires employers to obtain a permit from the Union before working its employees on Saturdays.

19.    H&P did not obtain a permit from the Union for work on Saturday, March 3 2007.

20.    The performance of work by H&P's employees on Saturday, March 3, 2007 without a permit is a violation of Article IV, Section 2 of the Agreement.

NOT REPORTING JOBS

21.    Article XII, Section 3 of the Agreement requires that employers report their jobs, in writing, to the Union, before beginning work on them.

22.    The uncontradicted evidence is that H&P did not report the following jobs to the Union, in writing, before it began work on them: McDonald's on 18th Street, McDonald's on Milwaukee Avenue, School at 87th and Cicero, University Village, the store in Woodfield, Schaumburg, Illinois, and the Bath and Body Works at the Promenade in Bolingbrook, Illinois.

23.    The failure to report each job, in writing, to the Union is, in each instance a violation of Article XII, Section 3 of the Agreement.

# AWARD

The Joint Trade Board, pursuant to the powers granted to it by Article XVII, Section 2 of the parties' Collective Bargaining Agreement, entered the following award:

## NO HIRING CARDS/EMPLOYEE LIST

1.    For the violation of Article III, Section 5(b), the employer shall pay a fine in the amount of $1,000.00 per violation, for a total of **$3,000.00**.

2.    For the violation of Article IV, Section 2, the employer shall pay a fine in the amount of **$1,000.00**.

3.    For the violation of Article V, Sections 1 and 2, the employer shall pay the amounts of **$ 619.20** to Arturo Haro, and **$619.20** to Saul Ibarra, as wages.  From these amounts, the employer shall make all deductions for state and federal taxes and dues checkoff.

4.    For the violation of Article V, Sections 1 and 2 the employer shall pay a fine in the amount of **$2,000.00**.

5.    For the six separate violations of Article XII, Section 3, the employer shall would ordinarily pay a fine in the amount of $2,000.00 per violation.  However, per the Award entered in December, 2005, the employer was admonished that subsequent failures to report work would result in fines in the amount of $4,000.00 per violation.  Therefore, for the six separate violations of Article XII, Section 3, the employer shall pay a fine in the amount of **$24,000.00**.

6.    The total amount of the fines referenced in paragraphs through is **$30,000.00**.

7.    Payment of the fines shall be made by check made payable to the Chicago Drywall Finishers Joint Apprenticeship Training Fund.

8.    All payments are to be delivered to the law offices of Arnold and Kadjan, 19 West Jackson Blvd., Chicago, Illinois 60604.

9.    In accordance with Article XVIII, Section 2(b) of the Collective Bargaining Agreement, the employer is required to pay all attorneys' fees and costs incurred in prosecuting this proceeding from the date of the issuance of the Decision and Award, including any proceedings to obtain enforcement of the Award.

10    This Decision and Award is final and binding on all parties

11    The Board directed that a copy of this Decision and Award be mailed to the employer by telefax, first class, and certified mail.

### JOINT TRADE BOARD

Charles Pintozzi                                         Andrew Perch

By:    Charles Pintozzi, Chairman          By:    Andrew Perch, Secretary

Dated:        this ____10th____ day of ____July____, 2007.

11

EXHIBIT **2**

GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS/CAWCC
PAINTERS' DISTRICT COUNCIL NO. 14
JOINT TRADE BOARD

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| H&P Contractor, Inc., | ) |
| | )     07 C 02 |
| and | ) |
| | ) |
| Painters' District Council No. 14 | ) |

### NOTICE OF DECISION AND AWARD

**To:**   **H&P Contractor, Inc.,**
c/o Humberto Pinto, president
2921 West Diversey Avenue
Chicago, Illinois 60647
Via Fax: (773)645-0876, First Class and Certified Mail.

**PLEASE TAKE NOTICE** that on April 20, 2007, the Joint Trade Board convened for a hearing. Thereafter, it entered the attached Decision and Award, a copy of which is hereby served upon you.

The Award is final and binding on all parties. Please be advised that you have ninety (90) days from the receipt of the Award in order to take such action as may be permissible under applicable law.

You are invited to contact the Union's attorneys in order to make arrangements to comply with this Decision and Award.

James R. Anderson
One of the Union's Attorneys
July 13, 2007

# CERTIFICATE OF SERVICE

The undersigned, on oath, state that I served a copy of the attached Decision and Award by mailing a copy to the person(s) listed below, properly addressed, with postage prepaid, via fax, (773)645-0876, first-class and certified mail, this 13th day of July, 2007, on or before 5:00 p.m.

H&P Contractor, Inc., c/o Humberto Pinto, president
2921 West Diversey Avenue, Chicago, Illinois 60647

Sarah Radtke

Subscribed and sworn to before me this 13th day of July, 2007.

Notary Public

OFFICIAL SEAL
DAWN M DE WITT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/11/11

**U.S. Postal Service**
**CERTIFIED MAIL₂ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₂

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | JRA 7-13 |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | 5555-03 |
| Total Postage & Fees | $ |

Sent To H & P Contractors
Street, Apt. No.; or PO Box No. 2921 W. Diversey
City, State, ZIP+4 Chicago IL 60647

PS Form 3800, June 2002          See Reverse for Instructions

7004 1350 0003 0517 9856

(FRI) JUL 13 2007 16:07

```
DOCUMENT#   : 7500000-028
TIME STORED : JUL 13 16:03
TX START    : JUL 13 16:03
DURATION    : 3min. 16sec
COM. MODE   : G3
```

-HUGH B. ARNOLD
DANIEL N. KADJAN
JOHN J. TOOMEY
L. STEVEN PLATT
JOHN F. ETZKORN
DONALD D. SCHWARTZ
STEVEN F. McDOWELL

JAMES R. ANDERSON
PAIGE E. ARNOLD
PAUL M. EGAN
PHILIP BRZOZOWSKI

LAW OFFICES

# ARNOLD AND KADJAN

19 WEST JACKSON BOULEVARD

CHICAGO, IL

60604-3958

TELEPHONE (312) 236-0415
FAX # (312) 341-0438

PLEASE REFER TO
OUR FILE NUMBER

| TO: | FROM: |
|---|---|
| **Humberto Pinto** | **James R. Anderson** |
| FIRM: | DATE: |
| **H&P Contactor, Inc.** | **7/13/2007** |
| FAX NUMBER: | PAGES (INCLUDING COVER PAGE) |
| **773/645-0876** | 4 |
| TEL NUMBER: | CC: |

RE:
*Notice of Decision and Award*

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X □ Agent
□ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

1. Article Addressed to:

H & P Contractor, Inc
c/o Humberto Pinto
2921 W. Diversey
Chicago, IL 60047

3. Service Type
□ Certified Mail    □ Express Mail
□ Registered    □ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    □ Yes

2. Article Number
*(Transfer from service label)*    7004 1350 0003 0517 9856

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154